IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:08CV388 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BLUFFSVIEW MOTEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 26, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on August 26, 2008, against Bluffsview Motel ("Bluffsview"), Bulffsview's Insurance carrier, John Doe, and Bluffsview's night clerk, Jane Doe. (Filing No. 1 at CM/ECF p. 1.) Bluffsview is a motel operating in Iowa. (*Id.*) Plaintiff is an African-American who resides in Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendants discriminated against him on the basis of his race and disability. Specifically, Plaintiff alleges he walked to Defendants' Motel to use the restroom, but Defendants had no "ADA access or restroom facilities [for] anyone." (*Id.*) Plaintiff seeks monetary damages in the amount of 1,000,000.00 dollars. (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.   Plaintiff's Civil Rights Claims

Liberally construed, Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under

2

§ 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker,* 457 U.S. at 838.

Here, Defendant Bulffsview Motel is a private entity and Defendants Jane and John Doe are individuals. (Filing No. 1 at CM/ECF p. 1.) As discussed above, to bring a claim under § 1983, a Plaintiff must initially establish that a defendant acted under the color of state law. Plaintiff has not alleged that the Defendants' actions were taken under color of state law or were otherwise sanctioned by the state. Because Plaintiff has not alleged that Defendants' actions were state actions, the court must dismiss Plaintiff's civil rights claims.

  B. Plaintiff's ADA Claim

The court also liberally construes Plaintiff's Complaint to allege a claim under the ADA. (Filing No. 1 at CM/ECF p. 1.) The ADA has three different sections focused on separate types of conduct. Title I prohibits discrimination in employment against qualified individuals with disabilities. *See* 42 U.S.C. § 12112. Title II prohibits "public entities" from excluding disabled individuals from or denying them the benefits of programs, activities, or services, and from otherwise discriminating against them. *See* 42 U.S.C. § 12132 (stating that a "public entity" includes "any

State or local government." 42 U.S.C. § 12131(1)(A)). Title III prohibits "private entities" from denying an individual "full and equal enjoyment" of goods, services, and other benefits provided by "places of public accommodation" on the basis of that individual's disability. *See* 42 U.S.C. § 12182(a).

Liberally construed, Plaintiff's ADA claims arise under Title III because his allegations are against a private entity. (Filing No. 1 at CM/ECF p. 1.) However, Title III does not provide a private right of action for damages. *See* 42 U.S.C. § 12188(a)-(b); 42 U.S.C. § 2000a-3(a); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("Money damages are not an option for private parties suing under Title III of the ADA."). Because Plaintiff only seeks monetary damages, his Title III claims also must be dismissed for failing to state a claim upon which relief may be granted. (Filing No. 1 at CM/ECF p. 1.)

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed for failing to state a claim upon which relief may be granted.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

November 4, 2008.   BY THE COURT:

*s/Richard G. Kopf*
United States District Judge